## KELLY v. DOLAN et al.

(Circuit Court of Appeals, Third Circuit. May 22, 1916.)

No. 2096.

1. CORPORATIONS ☜310(2)—INJURIES—RIGHT OF ACTION.

Where a corporation is injured through the negligence of its directors, the right to recover for such negligence is a legal right vested in the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1353–1357, 1359–1361; Dec. Dig. ☜310(2).]

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. CORPORATIONS ☞563(1)—RIGHT OF ACTION—RECEIVERS.**

Under general principles of receivership and General Corporation Law N. Y. (Consol. Laws, c. 23) §§ 232, 239, as amended by Laws 1913, c. 766, declaring that receivers shall be vested with all the property of the corporation and shall have the right to sue in their own names to recover debts due the corporation, a receiver is vested with the right of a corporation to sue for injuries occasioned by the negligence of the directors, and therefore a stockholder cannot sue in his own name.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2280; Dec. Dig. ☞563(1).]

**3. CORPORATIONS ☞206(1)—STOCKHOLDER'S BILL—ENFORCEMENT.**

Where, through the fraud of those controlling a corporation, the corporation will not sue a director for injuries occasioned by his negligence, a stockholder may maintain his bill to recover therefor.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 791; Dec. Dig. ☞206(1).]

**4. CORPORATIONS ☞207—STOCKHOLDERS—STOCKHOLDER'S BILL.**

Where a receiver of a corporation was appointed, and the court appointing the receiver refused to allow him to sue for injuries occasioned by the negligence of directors, a stockholder, though given permission to sue for such wrongs, cannot, no assignment of the right of action having been made to him, maintain a stockholder's bill, for the right of action is vested in the receiver.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 797–805; Dec. Dig. ☞207.]

**5. EQUITY ☞87—LIMITATIONS—APPLICATION OF STATUTE.**

As a receiver of a corporation, injured by its directors' negligence, might sue in a court of law, the statute of limitations of the forum applies to a suit by a stockholder to recover for the same injuries, for the court of equity has only concurrent jurisdiction with courts of law; and therefore, under the Pennsylvania Statute (Act March 28, 1867 [P. L. 48]), such suit cannot be maintained after six years.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 242–244, 395; Dec. Dig. ☞87.]

**6. CORPORATIONS ☞209—STOCKHOLDER'S BILL—LACHES.**

A stockholder's delay of 12 years before instituting a stockholder's bill to recover for injuries from the negligence of directors constituted laches, preventing recovery.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 806, 807; Dec. Dig. ☞209.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Bill by Richard B. Kelly against Thomas J. Dolan and others. From a decree (218 Fed. 966) dismissing the bill, complainant appeals. Affirmed.

Strong & Mellen, of New York City (Alfred J. Niles, of Philadelphia, Pa., of counsel), for appellant.

Morgan, Lewis & Bockius, of Philadelphia, Pa., Samuel F. Moran, of New York City, and Ellis Ames Ballard and John G. Johnson, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Richard B. Kelly, a citizen of New York, filed a bill in equity against the execu-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tors of Thomas Dolan, the executors of Peter A. B. Widener, and George W. Elkins, all of whom were citizens of Pennsylvania and were the real defendants. The bill also named the receiver of the Central Park North & East River Railroad Company as a formal de-fendant. On final hearing, the court below entered a decree dismissing the bill, whereupon the plaintiff took this appeal.

The suit is a stockholder's bill; the plaintiff being a stockholder, and the defendant Elkins and the decedents, Dolan and Widener, having been directors, of the Central Park North & East River Railroad Company, a street railway company of New York City, hereafter called the Central Company, and for which company a statutory receiver by a New York state court was appointed. The Central was an underlying company of the Metropolitan Street Railway system in the city of New York, under a lease made in 1892. Messrs. Dolan and Widener were directors of the Central Company from 1893 to 1905, both inclusive. Elkins was a director in 1905 and 1906. The bill was brought eight years after Elkins, and nine years after Dolan and Widener, had ceased to be directors of the Central Company.

The action is not for an accounting or discovery, and there is no charge that the defendants profited in any way as directors. In substance, it charges that they neglected to require the lessee to perform all the covenants of the lease, in that they failed, on the maturity in 1902 of a mortgage bond issue of the Central Company, to have the lessee renew the same, in consequence of which the same was subsequently foreclosed; that they failed to compel the lessee to pay certain taxes assumed against the Central Company, and that they did not compel the lessee to keep up the rolling stock, etc., of the Central Company. The answer, which we need not quote, denied the charges. After the plaintiff's proofs were taken on final hearing, the defendants moved the court to dismiss the bill. This motion was granted, and the plaintiff not having, within the 30 days allowed by the court, amended his bill by allegations which would have removed the bar of the statute of limitations, the court entered a decree dismissing the bill. Thereupon the plaintiff took this appeal.

To our mind, three principal questions arise on this appeal: First, has the plaintiff shown his right to maintain this bill? Second, is the Pennsylvania statute of limitations a bar to his recovery? And, third, is the action barred by laches? An answer adverse to the plaintiff on any one of these questions justifies an affirmance of the decree entered below.

[1] Turning to the first question, it is clear that the gravamen of the plaintiff's complaint is the negligence of the three defendant directors. That the negligence of a director is an injury to his corporation, and that the right to recover for such negligence is a legal as contrasted with an equitable right, and that the corporation is vested with the right to recover for such injury, is established by authority. In some cases this right is asserted in equity; in some at law, according to circumstances; but in whatever form it is litigated the right to recover for negligence is a legal right. Loan Society v. Eavenson, 241 Pa. 65, 88 Atl. 295; National Bank v. Wade (C. C.) 84 Fed. 10; Cockrill v. Cooper, 86 Fed. 7, 29 C. C. A. 529; Horn S. M. Co. v. Ryan,

42 Minn. 196, 44 N. W. 56; Emerson v. Gaither, 103 Md. 564, 64 Atl. 26, 8 L. R. A. (N. S.) 738, 7 Ann. Cas. 1114.

[2] In this case, under the general principles of receiverships, and specifically by virtue of sections 232 and 239 of the General Corporation Law of New York, as amended by chapter 766 of the Laws of 1913, viz.:

"Sec. 232. Such receivers shall, from the time of their having filed the security required by law, be vested with all the property, real or personal, vested or contingent, of the corporation."

"Sec. 239. *General Powers of Receivers.* The said receivers shall have power: (1) To sue in their own names or otherwise, and recover all the property, debts and things in action, belonging or due or to become due to such corporation, whether accruing or maturing before or after the dissolution thereof and whether vested or contingent at the time of such dissolution, in the same manner and with the like effect as such corporation might or could have done if no receivers had been appointed."

—this legal right of action against the directors for negligence was vested in the receiver on his appointment. Such being the case, the corporation originally, and the receiver on his appointment, being possessed of such legal right, and of the right to sue for its redress, how has this right been vested in the plaintiff so as to enable him to maintain this action? Manifestly, he could not maintain a suit at law to assert a legal right vested in the receiver. If so, what gives him a right to resort to equity?

[3, 4] Of course, where a corporation, through the fraud of those controlling it, refuses to bring suit against a director and redress a wrong, this calls into being an equitable right which equity will enforce on a stockholder's bill. Foss v. Harbottle, 2 Hare, 461. But, as said in that case:

"It was not, nor could it successfully be, argued that it was a matter of course for any individual members of a corporation thus to assume to themselves the right of suing in the name of the corporation. In law, the corporation, and the aggregate members of the corporation, are not the same thing for purposes like this; and the only question can be whether the facts alleged in this case justify a departure from the rule which prima facie would require that the corporation should sue in its own name and in its corporate character, or in the name of some one whom the law has appointed to be its representative."

No such state of facts here exists. The Central Company is not under the domination of its directors; there is no allegation of mala fide control on their part. On the contrary, the corporation has passed from their control into that of a court of competent jurisdiction, and that court has on application declined to allow the receiver of such company to bring suit against the directors. Such being the case, it is manifest that the right of action of the corporation still remains in the corporation and its receiver, and forms part of the estate which that court is administering. To the present situation we may apply the language of the Supreme Court in Porter v. Sabin, 149 U. S. 480, 13 Sup. Ct. 1008, 37 L. Ed. 815, namely:

"The right of action remains part of the estate of the corporation within the exclusive custody and jurisdiction of the state court."

It is contended, however, that such court, while refusing to allow the receiver to sue, granted leave to the plaintiff stockholder to sue.

But leave to sue went no further than permission to sue, and no order was made, even if such a thing were possible, purporting to assign to the stockholder the claim vested in the receiver, or to confer on the stockholder a right to enforce the legal right vested in the receiver.

Such being the facts, the gist of the present controversy is: First, whether the plaintiff is vested with the legal right which he is attempting to enforce; and, second, if he is not vested with such legal right, has he shown such facts or circumstances as give him standing in a court of equity to enforce the legal right vested in the receiver? The answer to the first question is clear. The legal right, an action for damages for negligence, is vested in the receiver. It has never been assigned to the plaintiff, and the law courts are open to the receiver to prosecute such claim. But the reasons which led the court to decline allowing its receiver to prosecute are that it is satisfied a suit at law was futile, because it would be met by a complete defense. This appears in the answer to a petition praying for such direction, wherein the receiver said:

"I do not believe it is to be to the interest of the Central Park Company or its stockholders that I maintain this action, for several additional reasons, among them the fact, as I understand it, that if I were to maintain the action it would have to be one at law, and more than six years have elapsed since either of the three gentlemen you mention ceased to be a director of the Central Park Company."

Indeed, no such facts, as under the principle of Foss v. Harbottle, 2 Hare, 461, and Hawes v. Oakland, 104 U. S. 455, 26 L. Ed. 827, lead a court of equity to entertain a stockholder's bill and thus enforce rights of his corporation which would otherwise be lost, exist in the present instance. The simple fact is that the court administering the affairs of the Central Company has declined to prosecute this claim by its receiver. Such being the case, it is quite clear that that court, declining to have its receiver pursue a remedy open to it in a court of law, cannot, by allowing a stockholder to pursue such claim, call into exercise the powers of a court of equity whose exercise of jurisdiction in such cases is because the law is powerless to afford a remedy. It is manifest, therefore, that this stockholder's bill is without equitable foundation and the decree below is justified on that ground.

[5] But, assuming for the present purpose that equity had jurisdiction to litigate this claim at the instance of a stockholder, it is manifest that such jurisdiction is concurrent with that of a court of law to litigate the claim at the instance of the receiver, and, being concurrent, the claim is barred in equity by the statute of limitations. The claim, as we have seen, being by a corporation for the negligence of a director is a legal as distinguished from an equitable one, and the jurisdiction of this court, if it exists, being concurrent, the case falls within a line of decisions such as M'Cluny v. Silliman, 3 Pet. 270, 7 L. Ed. 676, which hold that the statute of limitation of the forum controls, and that other line of cases, such as Baker v. Cummings, 169 U. S. 189, 18 Sup. Ct. 367, 42 L. Ed. 711, which hold that a court of equity exercising concurrent jurisdiction is equally bound with a court of

law to apply the statute of limitation. To hold otherwise would be to aid a plaintiff to evade a statute by going on the equity instead of the law side of a court. Applying the Pennsylvania state statute of March 28, 1867 (P. L. 48), quoted on the margin,[1] with its six-year limit, it is conceded this suit was barred.

[6] Assuming, however, the state statute of limitation was not a bar, the decree below was justified on account of the laches of the plaintiff. The facts in this case are that, if there was negligence by the directors of the Central Company in failing to have that company's lessee refund the mortgage, such nonfeasance occurred in 1902, 12 years before this bill was filed. There was no concealment, bad faith, or even allegation of the plaintiff's ignorance. The steps the Metropolitan Company took to retire the outstanding securities of the Central and other underlying companies were matters of public financial knowledge. There was no protest, objection, or demand by the plaintiff or other stockholders, nor does the bill contain any sufficient explanation, excuse, or justification of the long delay in bringing this bill, and until two of these directors were dead. Without entering into a present discussion of the many things which evidence gross procrastination, we may sum it all up by saying this case is a stale demand, and repeat what was said by this court in Hemmick v. Standard Oil Company, 91 Fed. 334, 33 C. C. A. 547:

"Stale claims are not regarded with favor by courts. Statutes of limitation are for the general good, and their wholesome application in most cases best subserves the ends of justice. The application by a court of equity of analogous principles, even when the statute of limitations does not apply, is one of the beneficent powers lodged in the hands of a chancellor."

Applying these principles, we are of opinion the delay in bringing this suit is a barrier to its prosecution in a court of equity, and, coupled to the other sufficient grounds of objection, we hold the decree of the court below, dismissing this bill, involved no error.

[1] "Whereas, doubts have been raised as to the proper construction of the statutes of limitation:

"And whereas, it is just that suits for supposed claims should be speedily brought before the lapse of time destroys the evidence of defense, or impairs the recollection of witnesses; therefore:

"Section 1. Be it enacted by the Senate and House of Representatives of the commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same that it is hereby declared to be the true intent and meaning of the statutes of limitation, that no suit at law, or in equity, shall be brought, or maintained, against any stockholder, or director, in any corporation, or association to charge him with any claim for materials, or moneys, for which said corporation, or association, could be sued, or with any neglect of duty as such stockholder or director, except within six years after the delivery of the materials, or merchandise, or the lending to, or deposit of money with said corporation, or association, or the commission of such act of negligence by such stockholder or director."