## KLEIN et al. v. PETER et al.

(Circuit Court of Appeals, Eighth Circuit. November 2, 1922.)

No. 6004.

**1. Courts ☞493(3)—Stockholders held without right to sue directors, where corporation in hands of state court receiver.**

Suit could not be maintained in the federal court by stockholders against directors for fraudulent conduct, where the corporation was in the hands of a receiver of the court of the state of the corporation's organization, and such court had refused application to have the receiver bring such suit.

**2. Corporations ☞320(1)—Stockholders cannot sue directors, where receivership exists, without sanction of court appointing receiver.**

Generally, where a corporation is in the hands of a receiver, a stockholder cannot sue directors for maladministration without the sanction of the court appointing the receiver, nor can such a suit be maintained, even where the court has granted its permission, where there is no order purporting to assign to the plaintiff stockholder or to confer on him the right to enforce the claim vested in the receiver; the right of action by the receiver being exclusive.

Appeal from the District Court of the United States for the District of Utah.

Suit by William Klein and others against Charles Peter and others. From a decree of dismissal and an order sustaining a motion to quash service of writ of subpoena on the Mascot Mining & Milling Company, Limited, of Idaho, plaintiffs appeal. Affirmed.

Homer N. Boardman, of Oklahoma City, Okl., for appellants.

Thomas D. Lewis, of Salt Lake City, Utah, for appellees.

Before LEWIS and KENYON, Circuit Judges, and YOUMANS, District Judge.

KENYON, Circuit Judge. This case comes to this court upon appeal from the decision and decree of the trial court sustaining motions to dismiss appellants' bill and the further order of the court sustaining a motion to quash service of the writ of subpoena upon the appellee, Mascot Mining & Milling Company, Limited, of Idaho.

Appellants, consisting of a large number of individual stockholders of the Mascot Mining & Milling Company, Limited, of Idaho, filed suit in the United States District Court for the Central Division of the District of Utah against the Mascot Mining & Milling Company, Limited, of Idaho, and the officers and managers of said company, claiming that they, as stockholders, had been defrauded by the acts of said officers out of large sums of money, and that said officers had conspired

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and confederated together to bring about a situation where said appellants would lose the amounts they had invested in the stock of the Mascot Mining & Milling Company of Utah and the Mascot Mining & Milling Company, Limited, of Idaho. Question was raised as to the first bill of complaint that it did not comply with federal equity rule No. 27 (198 Fed. xxv, 115 C. C. A. xxv). The court allowed time for filing a supplemental and amended complaint.

Previous to tendering the supplemental and amended complaint appellants applied to the district court of the Fifth judicial district of the state of Idaho for the county of Bannock, requesting authority on the part of the receiver of the Mascot Mining & Milling Company, Limited, of Idaho, to bring action against appellees in this case, setting forth substantially the same claims as are set forth in this action. Said application was refused by the court. Appellants tendered for filing a supplemental and amended complaint in equity, setting forth that the Mascot Mining & Milling Company, Limited, of Idaho, was in the hands of a receiver, and also attempting to bring the case within federal equity rule No. 27. The court, sustaining motions to dismiss, practically found that appellants had no authority to bring said action. A large part of the brief of appellants is devoted to a discussion of rule No. 27. We deem this immaterial, as it is conceded in the brief of solicitor for appellees that the amended and supplemental complaint brought the case within federal equity rule No. 27 before referred to. This rule sets forth the method in which suits in equity may be brought by stockholders in a corporation, against the corporation and other parties, founded on rights which can properly be asserted by the corporation.

The right, under certain circumstances, of a stockholder to bring suit to protect the interest of himself and other stockholders in the corporation is well recognized. The general doctrines are summed up in Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827. See, also, Detroit v. Dean, 106 U. S. 537, 542, 1 Sup. Ct. 500, 27 L. Ed. 300; Quincy v. Steel, 120 U. S. 241, 7 Sup. Ct. 520, 30 L. Ed. 624; Corbus v. Alaska Treadwell Gold Mining Co., 187 U. S. 455, 23 Sup. Ct. 157, 47 L. Ed. 256; Doctor v. Harrington, 196 U. S. 579, 25 Sup. Ct. 355, 49 L. Ed. 606; Rogers v. Nashville, C. & St. L. Ry. Co., 91 Fed. 299, 33 C. C. A. 517; Delaware & Hudson Co. v. Albany, etc., R. R. Co., 213 U. S. 435, 29 Sup. Ct. 540, 53 L. Ed. 862; Ross v. Quinnesec Iron Mining Co., 227 Fed. 337, 142 C. C. A. 33. These cases illustrate the general line of authority on the subject. In Dodge v. Woolsey, 18 How. 344 (15 L. Ed. 401) the Supreme Court of the United States said:

"The circumstances of each case must determine the jurisdiction of a court of equity to give the relief sought."

[1, 2] The question, however, of the right to bring a suit by stockholders in a corporation against officers and directors, and the circumstances under which such suits can be brought, is not at issue in this case. Concededly, were it not for the fact that the Mascot Mining & Milling Company, Limited, of Idaho, appellee, is in the hands of a receiver, this action could be prosecuted by appellants. What effect

does the receivership have as to their authority to bring the action? It is the general rule that, where a corporation is in the hands of a receiver, a stockholder cannot sue without the sanction of the court appointing the receiver. And it is further the general rule that such stockholder cannot sue, even where the court has granted him permission to do so, where there is no order purporting to assign to him or to confer on him the right to enforce the claim vested in the receiver. The property of the corporation, which would include claims of action on behalf of the corporation is in the possession and custody of the court, held by the receiver as an officer of the court. In a suit by a stockholder in behalf of the corporation the real controversy is between the corporation and the person whose acts are complained of, and the suit is for the benefit, not of the individual, but of all the stockholders. Where the corporation is in the hands of a receiver, the right of action by the receiver to protect the interest of the corporation is exclusive. We believe such is practically the unanimous voice of the authorities.

There are a few decisions in state courts holding that stockholders may bring suit against the corporation, and its officers, even when the corporation is in the hands of a receiver and where the receiver had refused to bring the case. Farwell v. Great Western Tel. Co., 161 Ill. 522, 44 N. E. 891, points rather strongly in that direction. Two cases frequently cited as so holding are Brinckerhoff v. Bostwick, 88 N. Y. 52, and Ackerman v. Halsey, 10 Stew. (37 N. J. Eq.) 356. In Porter v. Sabin, 149 U. S. 473, 479, 13 Sup. Ct. 1008, 37 L. Ed. 815, the Supreme Court points out that in these cases the receiver was not appointed by a judicial tribunal, but by the Comptroller of the Currency, an executive officer. It seems to us the case of Porter v. Sabin, hereinbefore referred to, puts this question at rest. The court (149 U. S. at page 479, 13 Sup. Ct. at page 1010, 37 L. Ed. 815) says:

"When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate; the possession of the receiver is the possession of the court; and the court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it. Wiswall v. Sampson, 14 How. 52, 65; Peale v. Phipps, 14 How. 368, 374; Booth v. Clark, 17 How. 322, 331; Union Bank v. Kansas City Bank, 136 U. S. 223; Thompson v. Phenix Ins. Co., 136 U. S. 287, 297."

It also points out that the reasons for not allowing a suit against a receiver appointed by a state court, or the administration by that court of the receiver's estate to be interfered with by any action upon the part of the courts of the United States, are exceedingly strong. On page 480 of 149 U. S., on page 1010 of 13 Sup. Ct. (37 L. Ed. 815), the court says:

"The reasons are yet stronger for not allowing a suit against a receiver appointed by a state court to be maintained, or the administration by that court of the estate in the receiver's hands to be interfered with, by a court of the United States, deriving its authority from another government, though exercising jurisdiction over the same territory. The whole property of the corporation within the jurisdiction of the court which appointed the receiver, including all its rights of action, except so far as already lawfully disposed of

under orders of that court, remains in its custody, to be administered and distributed by it. Until the administration of the estate has been completed and the receivership terminated, no court of the one government can by collateral suit assume to deal with rights of property or of action, constituting part of the estate within the exclusive jurisdiction and control of the courts of the other. Wiswall v. Sampson, Peale v. Phipps, and Barton v. Barbour, above cited; Williams v. Benedict, 8 How. 107; Pulliam v. Osborne, 17 How. 471, 475; People's Bank v. Calhoun, 102 U. S. 256; Heidritter v. Elizabeth Oil Cloth Co., 112 U. S. 294; In re Tyler, 149 U. S. 164."

Another important case on the subject is Kelly v. Dolan et al., 233 Fed. 635, 147 C. C. A. 443. The facts are not identical with those in the case at bar, but the principles applicable thereto are applicable here. The court says (page 638 of 233 Fed., at page 446 of 147 C. C. A.):

"This legal right of action against the directors for negligence was vested in the receiver on his appointment. Such being the case, the corporation originally, and the receiver on his appointment, being possessed of such legal right, and of the right to sue for its redress, how has this right been vested in the plaintiff so as to enable him to maintain this action? Manifestly, he could not maintain a suit at law to assert a legal right vested in the receiver. If so, what gives him a right to resort to equity?"

There was no claim in that case of mala fides on the part of the directors, as there is here; but the control of the corporation there, as here, had passed into a court of competent jurisdiction, and that court had declined to allow the receiver to bring action against the directors, and the court says:

"Such being the case, it is manifest that the right of action of the corporation still remains in the corporation and its receiver, and forms part of the estate which that court is administering."

In McTamany v. Day, 23 Idaho, 95, 103, 128 Pac. 563, 565, the Supreme Court of Idaho discusses this proposition and says:

"If the bank has suffered loss on account of the directors having declared dividends contrary to the provisions of section 2981, Rev. Codes, or has suffered loss in consequence of the directors' fraud, gross negligence, or willful breach of duty, after such corporation is placed in the hands of a receiver, it is the duty of the receiver, as the representative of all concerned, to proceed and collect such illegal dividends and all other claims of such corporation due said bank by contract or caused by the fraud, gross negligence, or willful breach of duty of the officers thereof, so that whatever may be recovered may be properly distributed among all of the creditors of the bank as the law or court may direct. See Tiffany on Banks and Banking, p. 304 et seq."

There is some question whether the amended bill was tendered within the time fixed by the court, but we have overlooked that and considered the matter as if the bill had been tendered in time. Appellants had and have a complete remedy for any wrongs inflicted, in the court appointing the receiver. If the acts complained of were being carried on or had been carried on, there was the place to secure an order for the receiver to sue. If the receiver was a part of the alleged fraudulent scheme, as claimed by appellants, upon proper showing the receivership could have been terminated. If the receiver was not willing to do his duty he could be removed. If appellants were not satisfied with the order of the trial court refusing authority

to the receiver to bring action against appellees, they could appeal. The district court of Bannock county, Idaho, having taken possession of the property and the rights of the corporation, it continued to exercise exclusive control, and there was no authority for the stockholders to bring the present suit.

As this determines the case, there is no reason to discuss specification of error No. 7, relative to the action of the court in quashing service of subpœna upon appellee, Mascot Mining & Milling Company, Limited, of Idaho.

The action of the trial court in sustaining appellees' motions to dismiss was correct, and its judgment is affirmed.