### KLEIN et al. v. PETER et al.

(Circuit Court of Appeals, Ninth Circuit. January 8, 1923.)

No. 3877.

1. **Courts** ⚖=493(3)—**State court, by appointment of receiver, held to exclude jurisdiction of federal court.**

A state court, which, by appointment of a receiver, has acquired possession and control of all the property and assets of a corporation, prior to the commencement of a suit in a federal court, has exclusive jurisdiction to determine all questions affecting such property and its administration.

2. **Corporations** ⚖=560(7)—**Receiver is vested with rights of action of corporation.**

When a state court has appointed a receiver for a corporation, the right to bring suits on behalf of the corporation is vested primarily in the receiver, subject to direction of the court, and a federal court will not entertain a suit by stockholders to charge the officers and directors with fraud or wasting assets of the corporation, where no application has been made to the receiver, or the court which appointed him, to bring such suit.

Appeal from the District Court of the United States for the Eastern Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit in equity by William Klein and others against Charles Peter and others. From a decree dismissing the bill, complainants appeal. Affirmed.

See, also, 284 Fed. 797.

This is a suit in equity by stockholders in the Mascot Mining & Milling Company, an Idaho corporation, against directors and the corporation for an accounting, and for decree holding the mining company and one Peter as trustees, for quieting title, for the appointment of a receiver of the corporation, to set aside a judgment rendered by the state court in Idaho in an action by one Walther against the corporation appointing a receiver of the property of the corporation, and to annul a sale made by the receiver in that action, and for injunctive relief.

The wrongs charged, when summarized, are that Peter and other individual defendants conspired to defraud plaintiffs and the public generally; that Peter was to obtain certain mining properties in Idaho, which had little value, and to incorporate the Mascot Mining & Milling Company of Utah, and to sell shares and obtain money from victims. The capital stock of the Utah corporation was was then to be increased, and a new company in Idaho was to be formed, and Peter was to be the controlling power in it. The Utah corporation was to convey to the Idaho corporation. The stock in the Idaho corporation was to be advertised as of great value, and large amounts of stock were to be issued to Peter and his co-conspirators without consideration. It is charged that the stock to be sold was valueless; that the properties were practically worthless; that only a small part of the money received from the sale of stock was to be spent upon the properties; that, if the properties should turn out to be valuable, the purpose was to destroy the value of the shares by fraudulent claims to be made by Peter and his associates.

It is alleged that the scheme was carried out, and in executing it one Walther brought action in the state court against the Mascot Mining & Milling Company, falsely alleging indebtedness on the part of the corporation to himself and to Peter, and praying judgment against the corporation and for the appointment of a receiver to wind up its affairs; that, in order to cheat the stockholders, Peter, as president and general manager of the company, failed to contest the action, and permitted a receiver to be appointed, and confessed

---
⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

judgment, with a result that final judgment of the state court was made and entered, and receiver's sale ordered, which was thereafter made.

Plaintiffs pleaded that it would be futile for the plaintiff stockholders to make a request of the conspirators, who are directors and managing officers of the Mascot Mining & Milling Company of Idaho, or of the "fraudulently appointed" receiver, to sue; that plaintiffs are entitled to have the legal title conveyed and transferred to them, or decreed to be held by Peter and the Mascot Mining & Milling Company, in trust for the use and benefit of the complainants and victims; and that the conspirators will continue to usurp control and management of the Idaho corporation, unless a receiver is appointed by the United States court and injunction issued by it.

In the District Court defendants moved to dismiss on the ground of lack of equity, and that the property and effects of the corporation were still in the hands of the receiver regularly appointed by the state court before the present suit was instituted, and that the United States court was without jurisdiction. The lower court made a decree of dismissal, and plaintiffs appealed.

Richard H. Johnson and Carey H. Nixon, both of Boise, Idaho, and Homer N. Boardman, of Oklahoma City, Okl., for appellants.

J. M. Stevens, D. D. Mote, and P. C. O'Malley, all of Pocatello, Idaho, and Thomas D. Lewis, of Salt Lake City, Utah, for appellees.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge (after stating the facts as above). [1] Before the present suit was instituted the district court of the Fifth judicial district of the state of Idaho, a court of competent jurisdiction, in an action by F. Walther against the Mascot Mining & Milling Company, the Idaho corporation, lawfully acquired possession of all the assets and property of the corporation through the appointment of a receiver, and reserved to itself, or subject to its permission or order, the determination of questions affecting the property and the administration thereof. Thus, when this suit was instituted, the property of the corporation was in custodia legis. Davis v. Gray, 83 U. S. (16 Wall.) 203, 21 L. Ed. 447; Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815; Martin v. Atchison, 2 Idaho, 634, 33 Pac. 47. The action in the state court was to recover upon claims alleged to be due from the corporation to Walther and Peter, and in that action it was also alleged that the defendant corporation was insolvent, and a receiver was asked. That it was part of the alleged scheme of those made defendants in the present suit to bring the action referred to against the corporation in the state court, and to have a receiver appointed by the state court, does not affect the question. No charge is here made that the receiver was appointed by the state court as a result of any misconduct on the part of that court or the judge thereof; nor does it appear that any stockholder in the corporation, or that the corporation through its officers, objected to the action of the state court in appointing a receiver, or that the court was ever requested by any shareholder to direct the receiver to sue on behalf of the corporation and its shareholders.

[2] Clearly, the primary right to sue is in the corporation and the receiver, and forms part of the estate being administered by the state court, and is within the jurisdiction of that court. Ridge v. Manker, 132 Fed. 599, 67 C. C. A. 596; Kelly v. Dolan, 233 Fed. 635, 147 C. C.

A. 443; Kelly v. Dolan (D. C.) 218 Fed. 966. In Porter v. Sabin, supra, during the time a receiver appointed by a state court was in control of the property and business of a corporation, certain stockholders brought suit in the federal court against the directors and managing officers of the company for wasting the assets, and the corporation was joined as defendant. Plaintiffs alleged that the state court refused to permit the receiver to bring such an action, or to be made a defendant therein, and the court said:

"If the corporation becomes insolvent, and a receiver of all its assets and effects is appointed by a court of competent jurisdiction, the right to enforce this and all other rights of the corporation vests in the receiver, and he is the proper party to bring suit, and if he does not himself sue he should properly be made a defendant in any suit by stockholders in the right of the corporation."

The court cited Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390, which held that, when one court takes into its jurisdiction a specific thing, that thing is as much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty.

In Atlantic Trust Co. v. Chapman, 208 U. S. 360, 375, 28 Sup. Ct. 406, 411 (52 L. Ed. 528, 13 Ann. Cas. 1155) the court said:

"A receiver, as soon as he is appointed and qualifies, comes, as we have said, under the sole direction of the court. The contracts he makes, or the engagements into which he enters from time to time under the order of the court, are in a substantial sense the contracts and engagements of the court. The liabilities which he incurs are liabilities chargeable upon the property under the control and in the possession of the court, and not liabilities of the parties. They have no authority over him and cannot control his acts."

We think the Supreme Court in Kline et al. v. Burke Construction Co., 43 Sup. Ct. 79, 67 L. Ed. —— (decided November 20, 1922), has adhered to the same rule.

Our conclusion is that, inasmuch as the whole of the property of the corporation, including all its rights of action, except as orders of the state court may have otherwise directed, remains in the custody of the state court, to be administered and distributed by that court, under the facts alleged the federal court will not assume to deal with the rights of property or action which constitute part of the estate; at least, until the estate has been completely administered and the receivership terminated, or unless the state court has authorized the receiver to bring suit. Porter v. Sabin, supra; Palmer v. Texas, 212 U. S. 118, 123, 29 Sup. Ct. 230, 53 L. Ed. 435.

The decree of dismissal is affirmed.

ADDENDUM.—Since the foregoing opinion was agreed upon, the Circuit Court of Appeals for the Eighth Circuit has decided Klein et al. v. Peter et al., 284 Fed. 797, which we cite as in accord with the view we have expressed.