CASE 7—ACTION BY LESLIE GALBREAITH AGAINST THE KENTUCKY
RACING & BREEDING ASSOCIATION FOR A RECEIVER AND SETTLE-
MENT.—DEC. 10.

# Kentucky Racing and Breeding Association v. Galbreaith, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.  AFFIRMED.

CORPORATIONS—INSOLVENCY— RECEIVERS— APPOINTMENT— RIGHTS     OF
CREDITOR—JUDGMENT—EXECUTION—PLEADING.

Held:   1. Where the assets of an insolvent corporation will proba-
bly be lost or fraudulently disposed of unless a receiver is ap-
pointed, and the creditor has no adequate remedy at law, he
is entitled to the appointment of such receiver before reducing
his claim to judgment and obtaining a return of *nulla bona.*
2. In an action by a creditor against an insolvent corporation, a pe-
tition and certain cross-petitions construed, and HELD to state
sufficient facts to justify the appointment of a receiver, though
plaintiff's claim had not been previously reduced to judgment,
and a return of *nulla bona* obtained.

C. J. & W. W. HELM, ATTORNEYS FOR APPELLANTS.

### QUESTIONS DISCUSSED.

The right of a general creditor to have a receiver appointed
for a corporation, without having his claim reduced to a judg-
ment and a return of "*nulla bona,*" and without having alleged
the specific acts of fraud upon the part of the directors or of-
ficers, and without showing that it has property subject to the
payment of the claim, and without showing that said property
will be wasted or its value impaired.

### AUTHORITIES CITED AND CONSIDERED.

Clark & Marshall, Private Corporations, 1901, vol. 3, sec.
785; Beach on Private Corporations, sec. 715; Cook on Cor-

porations, 4th ed., vol. 3, sec. 863; Gluch & Buckner, Receivers of Corporations, 2d ed., 1896, sec. 20; Morawetz on Private Corporations, vol. 2, sec. 860; Thompson on Corporations, vol. 5; Hollins v. Bryerfield, et al., 150 U. S., 371; Lawrence Iron Works v. Rockbridge Co., 47 Fed. Rep., 755; Dowe v. N. W. Coal Co., et al., 64 Fed. Rep., 928; Consolidated Tank Line Co. v. Kansas City Varnish Co., 43 Fed. Rep., 204; McGeorge v. Big Stone Gap Improvement Co., 57 Fed. Rep., 262; Trust & Deposit Co. v. Spartanburg Water Works Co., 91 Fed. Rep., 324; Monarch Co. v. Bank of Harrodsburg, 103 Ky., 281.

GALVIN & GALVIN, AND COHEN & MACKS, ATTORNEYS FOR AP-PELLEES.

This is an appeal from an order appointing a temporary receiver. The receiver was appointed and the appellants filed their motion to set aside the order appointing the receiver. Before the decision upon such motion to set aside the receivership was made, this appeal was taken.

It is submitted that an order appointing a receiver with no showing that anything has been done by said receiver, is simply an interlocutory order and can not be appealed from.

"The order appointing a receiver and directing him to sell the property was interlocutory." Hill v. Cohen, 22 Ky. Law Rep., p. 1438; (Chief Justice Paynter.)

"An order appointing a receiver in an action to have a conveyance declared to operate as an assignment for the benefit of the creditors is merely an interlocutory order, and can not be appealed from." Moberly v. Fechtheimer, Frenkle & Co., 4 Ky. Law Rep., p. 833. (Superior Court of Kentucky, Presiding Judge Bowden.)

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

This is an appeal from a judgment of the Kenton circuit court appointing a receiver for the Kentucky Racing & Breeding Association, a corporation organized under the laws of West Virginia, and the Queen City Jockey Club, a corporation organized under the laws of the State of Kentucky, at the instance of the appellee Leslie Galbreath, a creditor of the racing association. The plaintiff alleges in his petition that he is a creditor of the Kentucky

Racing & Breeding Association; that the company is hopelessly insolvent; that it owns a majority of the stock of the Queen City Jockey Club; that Clem Creveling, the president of the association, had, with the knowledge and consent of the officers of the jockey club, instituted a suit for the recovery of $2,330 alleged to be due to him for services as president, and had sued out an attachment, which had been levied upon the interest of the racing association in the jockey club for the purpose of securing to Creveling a fraudulent preference over the other creditors of the racing association, as operator of the jockey club. He also alleges that the racing association was, in violation of law, selling pools upon the result of races, and was thereby subjecting itself to fines and the forfeiture of its charter under the laws of the Commonwealth ; that its indebtedness was daily increasing; that it was indebted to numerous other persons, and that its property would be entirely consumed if not taken in charge by the court; and that he and they would lose their debts. Upon the averments of the petition, the circuit judge of the Kenton circuit court appointed George M. Keefer, receiver, and directed that he should take possession of the books, accounts, and other assets of the company, and hold them subject to the future orders of the court.  George M. Keefer and West B. Wilson filed their petition to be made parties to this proceeding, and alleged that the Queen City Jockey Club was also insolvent; that there had been no meeting of its stockholders or election of directors for more than a year; that the directors last elected had failed and refused to qualify or meet for the purpose of electing officers of the company; that there was a judgment against the jockey club for

$30,000, and that an attachment had been issued against
its property; that it had disposed of a part of its personal
property, and its assets were in danger of being dissi-
pated—and asked that a receiver should also be appointed
to take charge of the assets and property of the jockey
club for the benefit of the creditors. Keefer was also ap-
pointed receiver of the jockey club,, and executed bond as
required by law. The defendant, the racing association,
filed an answer, in which they deny that the plaintiff was
a creditor of the association, or that the officers of the
jockey club had consented to the suing out of the attach-
ment of Creveling, or that the association had sold pools
in violation of law. They alleged that the only assets of
the racing association was a small amount of furniture in
Newport, Ky., not exceeding in value $200, and the stock
in the Queen City Jockey Club, which they alleged is of no
value, as it is hopelessly insolvent. A number of other
creditors filed their petitions to be made parties to the
proceeding, and united in plaintiff's prayer for the appoint-
ment of a receiver. The defendants excepted to the orders
appointing a receiver, and have prosecuted an appeal to
this court and ask a reversal on the ground that a general
creditor of a corporation is not entitled to obtain a re-
ceiver of the corporate property until he has reduced his
claim to judgment, and had execution issued, and return
of nulla bona thereon.

As a general rule, a creditor of a corporation is not en-
titled to have its property and assets put in the hands of a
receiver until he has reduced his claim to judgment, and
procured a return of nulla bona. But there are exceptions
to this rule, as where the assets of an insolvent corpora-
tion, which a creditor is entitled to have applied in satis-
faction of his demands, will probably be lost or fraudu-

lently disposed of by improvident or corrupt officials unless a receiver is appointed, and the creditor has no adequate remedy at law.    When this is made to appear, the courts will take charge of the assets of the insolvent company, and apportion them among the creditors entitled thereto. 2 Clark & Marshall on Private Corporations, section 785; Beach on Private Corporations, section 715; 3 Cook on Corporations, (4th Ed.), section 863; 2 Morawetz on Private Corporations, section 860; Smith on Receiverships, section 227, and authorities there cited.

We are of the opinion that the allegations of the original and cross petitions in this case presented such a state of fact as made out a prima facie case for the appointment of receivers for the defendant corporations.    Defendants have made no showing by motion to set aside the order appointing the receiver, or otherwise to negative the averments of the original and amended petitions.    We therefore conclude that the trial court did not err in the appointment of a receiver.

Judgment affirmed.