CASE 47.—ACTION BY WILLIAM McGEE AGAINST T. S. Mc-
CLURE TO RECOVER TIMBER CUT FROM PLAIN-
TIFF'S LAND.—March 18.

# McClure v. McGee

Appeal from Martin Circuit Court.

A. J. KIRK, Circuit Judge.

From a motion by defendant to set aside an order to appoint a receiver, he appeals.—Reversed.

Receivers—Appointment Pendente Lite.—The discretion as to the appointment of a receiver pursuant to Civ. Code Prac. section 298, providing that it "may" be done on motion of a party to an action who shows a right to the property involved, and that it is in danger of being lost or removed, is not unlimited, and so where the remedies provided by sections 180-184, by claim and delivery and by special attachment, are open to plaintiff, and it is not shown that defendant is insolvent, or some other reason exists, rendering the other remedies inadequate, the appointment of a receiver in such case is unauthorized.

McClure v. McGee.

W. R. McCOY for appellant.

M. C. KIRK for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

William McGee brought this action, charging in his petition that he was the owner of a tract of land therein described; that John, James, Brett, and Sherman Jude had forcibly and without right entered on it, and cut and removed 200 poplar saw logs belonging to him, which they had sold to T. S. McClure; that McClure had placed his brand upon them, and unless prevented by the court would remove the timber, which was then lying in a fork of Wolf creek and above a splashdam; that the Judes were insolvent; and that the timber was of value $500, and was in danger of being lost. On motion of the plaintiff, an order placing the logs in the hands of a receiver was made. McClure, who had no notice of the motion for a receiver, although made a defendant to the action, appeared, filed his answer, and entered a motion to set aside the order appointing a receiver. In his answer be charged that McGee had no title to the timber, and that he had bought it, and the plaintiff had stood by and allowed him to pay for it, without making known his objections, and this he relied on as an estoppel. He also pleaded affirmatively that he was solvent, and that there was no danger of any loss to the plaintiff from the removal of the timber. The court overruled his motion to set aside the order appointing a receiver, and McClure appeals.

Section 298 of the Civil Code of Practice is as follows: "On motion of any party to an action who

shows that he has, or probably has, a right to, a lien
upon, or an interest in, any property or fund, the right
to which is involved in the action, and that the prop-
erty or fund is in danger of being lost, removed or
materially injured, the court, or the judge thereof
during vacation, may appoint a receiver to take charge
of the property or fund during the pendency of the
action, and may order and coerce the delivery of it to
him. The order of a court, or of the judge thereof,
appointing or refusing to appoint a receiver, shall be
deemed a final order for the purpose of an appeal to
the Court of Appeals. Provided, That such order
shall not be superseded." It is insisted for the appel-
lee that the petition shows that McGee has a right to
the property involved in the action, that the property
is in danger of being lost or removed, and that the
petition on its face brings the case literally within the
provisions of the section. The section is to be read,
however, in connection with other sections of the Code,
and in view of the settled practice in equity at the time
the Code was adopted. The language of the Code is
not that a receiver must be appointed, but that he may
be appointed. "May" here is not equivalent to
"must." Whether the court will in any case appoint
a receiver has always rested in the discretion of the
chancellor. L. & N. R. R. Co. v. Eakin, 100 Ky. 745,
19 Ky. Law Rep. 54, 39 S. W. 416. But the discretion
of the chancellor in a case of this sort is not unlimited.
The character of the case in which the discretion may
be exercised has been defined by a long line of author-
ities. In High on Receivers, section 10, the rule is
thus stated: "A receiver being appointed by a court
of equity in the exercise of its extraordinary jurisdic-
tion, applications for the relief are governed by many
of the principles which control the court in adminis-

tering the extraordinary remedy of an injunction. And it is is always a sufficient objection to the granting of an injunction that the person aggrieved has a full and adequate remedy at law, so courts of equity will not lend their aid by the appointment of receivers where the persons seeking the relief have ample redress by the usual course of proceedings at law, or where the law affords any other safe or expedient remedy." See, also, 17 Cyc. Pleading & Practice, p. 728; Harmon v. Ky. Coal Co. (Ky.), 21 S. W. 1054, 15 Ky. Law Rep. 12; Collins v. Richart, 14 Bush 621.

Under sections 180-184, the plaintiff in an action to recover the possession of personal property may sue out an order of delivery and have the property delivered to him upon the execution of the proper bond. By section 249, the plaintiff may have a specific attachment for the property upon execution of the proper bond, and under section 272 he can obtain an injunction restraining the defendant from injuring or removing the property pending the action, upon executing the proper bond. The order for a receiver is made without any bond, and, if the practice followed in this case is approved, an insolvent plaintiff may take possession of the property in contest in all suits of this character and thus do the defendant great injury for which there would be no remedy. It was not the purpose of section 298 to provide that in all cases a receiver might be appointed where the plaintiff showed that he was entitled to the property, and that it was in danger of being lost. The appointment of a receiver is an extraordinary remedy, and to obtain this extraordinary remedy it must be shown that the defendant is insolvent, or that some other reason exists rendering the other remedies referred to inadequate. Were the rule otherwise, the remdies pro-

vided by the Code by claim and delivery and by special attachment would be practically useless. Holmes v. Stix, 104 Ky. 351, 47 S. W. 243, 20 Ky. Law Rep. 593; Tarvin v. Coke Co., 109 Ky. 579, 60 S. W. 185.

Judgment reversed, and cause remanded, with directions to the circuit court to set aside the order appointing the receiver.