# Woods v. Consolidated Newspapers et al.

(Decided Nov. 22, 1938.)

JOHN T. MURPHY for appellant.

J. LYTER DONALDSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

This is an appeal from an order of the Carroll Circuit Court overruling appellant's motion for the appointment of a receiver. The appellant, M. L. Woods, holds nine shares of cumulative preferred capital stock (of a par value of one hundred dollars a share) of the Consolidated Newspapers, Incorporated, a company organized under the laws of the State of Delaware, of which N. A. Perry is president, and his wife, A. B. Perry, is secretary and treasurer. The only asset of the company is a printing plant located at Carrollton, Kentucky. It is alleged by appellant and not denied by ap-

pellees that, prior to May 27, 1936, N. A. Perry and A. B. Perry, in the corporate name, transferred title to this printing plant to A. B. Perry, as an individual, without consideration. It is alleged that there was no report or notice of the transaction given the stockholders as required by Kentucky Statutes, Section 883b-3. On May 27, 1936, A. B. Perry conveyed the plant to Mrs. R. G. Smith—again without the consent of, or notice to, the stockholders—for the claimed inadequate price of $7,500 cash and a note for $13,000. It is alleged that the corporation is, and has always been, solvent. It is not asserted that either N. A. Perry, A. B. Perry, or Mrs. R. G. Smith are unable to meet their obligations. Appellant sought an accounting for the sum of $1,341 which he contends is the accrued value of his shares together with the amount of dividends due, and he sought the appointment of a receiver to hold the plant, and protect his "right to a lien upon and interest in the property now held by Mrs. R. G. Smith." The chancellor refused to appoint a receiver and the case is here on appeal from that order alone. Civil Code of Practice, sec. 298.

The fact that the corporation was organized under the laws of Delaware would not, under the circumstances, prevent the appointment of a receiver in Kentucky, Scholl v. Allen, Judge, 237 Ky. 716, 36 S. W. (2d) 353. Section 883b-3 is a part of chapter 15 of the Acts of 1918, and the provisions of that act are made applicable to all corporations, whether foreign or domestic.

In Fleming, Trustee, v. Virginia Mining Company, 196 Ky. 38, 244 S. W. 295, we said [page 296]:

"As a general rule, the remedy of a receivership is purely ancillary, being a proceeding *in rem*, though the court may appoint a receiver under certain conditions and circumstances as an independent remedy and, of course, as the main object and purpose of the suit. 23 R. C. L. 11. It is always intended to prevent injury to the thing (the *rem*) in controversy and to preserve it pending litigation for the security of the parties in interest and is regarded as a provisional remedy. The appointment cannot be said to exist as a matter of right, since the court in granting it must be governed by a sound judicial discretion in the light of all the facts and circumstances of the case and with the view of protecting the rights of parties interested

in the subject-matter, and only then when there is no other adequate remedy at law. The discretion is to be exercised with caution and circumspection after a full consideration of the facts of the particular case and the interest of all parties concerned. R. C. L. supra, 10, 11; Collins v. Richart, 14 Bush 621; Columbia Finance & Trust Company v. Morgan, 44 S. W. 389, 628, 45 S. W. 65; 19 Ky. Law Rep. 1761; Murray v. Murray, 124 Ky. 426, 99 S. W. 301, 30 Ky. Law Rep. 586; and Elkhorn Hazard Coal Company v. Fairchild, 191 Ky. 276, 230 S. W. 61.''

In McClure v. McGee, 128 Ky. 464, 108 S. W. 341, 32 Ky. Law Rep. 1318, we said [page 342]:

''The language of the Code is not that a receiver must be appointed, but that he may be appointed. 'May' here is not equivalent to 'must.' Whether the court will in any case appoint a receiver has always rested in the discretion of the chancellor. Louisville & Nashville Railroad Company v. Eakins, 100 Ky. 745, 39 S. W. 416, [19 Ky. Law Rep. 54]. But the discretion of the chancellor in a case of this sort is not unlimited. The character of the case in which the discretion may be exercised has been defined by a long line of authorities. In High on Receivers, section 10, the rule is thus stated: 'A receiver being appointed by a court of equity in the exercise of its extraordinary jurisdiction, applications for the relief are governed by many of the principles which control the courts in administering the extraordinary remedy of an injunction. And as it is always a sufficient objection to the granting of an injunction that the person aggrieved has a full and adequate remedy at law, so courts of equity will not lend their aid by the appointment of receivers where the persons seeking the relief have ample redress by the usual course of proceedings at law, or where the law affords any other safe or expedient remedy.' See, also, 17 Cyc. Pleading & Practice, p. 728; Harmon v. Kentucky Coal, Iron & Development Company (Ky.), 21 S. W. 1054 [15 Ky. Law Rep. 12]; Collins v. Richart, 14 Bush 621.''

With these principles in mind, we may examine the petition to determine whether or not appellant has presented a situation requiring the appointment of a re-

ceiver. No testimony has been offered and the court acted simply upon the allegations of the petition in denying appellant's motion. It is expressly alleged that the corporation is solvent, and the receivership is asked only of the property transferred. If, in fact, the sale was made in violation of sec. 883b-3, appellant is still entitled to judgment for the market value of his stock "which shall in no event be less than the book value of said stock." If this amount is paid by the vendee of the property, she is, of course, entitled under the statute to deduct the sum so paid from the purchase price. It is not here alleged that the vendee is insolvent, and no reason appears which would indicate what advantage appellant could obtain from a receivership of the property in question that is not likewise open to him through the simple process of giving him a judgment for the amount to which he may show himself entitled.

Appellant does not seek to take over the corporation, to manage its affairs, or indeed, to liquidate it. He bases his claim entirely upon the rights given him under sec. 883b-3, and it is manifest from the allegations of the petition that a judgment for the amount he is entitled to under the statute will give him all the relief he may legally claim under these allegations.

Judgment affirmed.