BERG et al. v. CINCINNATI, NEWPORT & COVINGTON RY. CO. et al.

No. 146.

District Court, E. D. Kentucky.

Sept. 5, 1944.

SWINFORD, District Judge.

This case is before me on the defendant's motion to dismiss the complaint.

The plaintiff is a resident of Ohio. The defendant, the Cincinnati, Newport and Covington Railway Company, is a Kentucky corporation. It will be referred to as Railway. The defendant, Columbia Gas and Electric Corporation, is a Delaware corporation. It will be referred to as Columbia.

It is alleged that the plaintiff is a stockholder in Columbia. That Railway owes Columbia $3,323,500, with interest from July 1, 1941. That Railway is insolvent. That notwithstanding its present insolvency, Railway now proposes to borrow $1,000,000 and pay a dividend of $30.08 per share or $300,800. That a mortgage on all assets of Railway is to be executed to secure the loan. That Columbia owns 9,678 $\frac{34}{47}$ shares of the outstanding 10,000 shares of Railway's capital stock. That Columbia also holds a demand note against Railway for $1,304,596.68. That by an understanding between the defendants there is to be a sale of Railway through Bayou Interests, Incorporated, to two other corporations, all of its capital stock and the demand note for $1,900,000 and that contracts have been signed by all interested parties pursuant to the agreement.

It is further alleged that Railway has paid a part of the interest on the demand note to Columbia. The amount of the payment is $78,275. That by reason of this interest payment and the dividend payment, the remaining assets of Railway are only $530,611. That the net result of these transactions is a loss to Columbia of its indebtedness against Railway of $3,325,500, to the damage of the plaintiff and other shareholders. That the alleged transactions are collusive and fraudulent.

It is further alleged that demand was made in writing, individually, upon every Director of Columbia to bring this action but that they failed and the corporation failed to bring it and that a reasonable time has elapsed between the date of the demand and the date of filing this suit.

The complaint contains a prayer for judgment for the full amount of the indebtedness owed Columbia by Railway; that Railway be enjoined from paying the proposed dividend or from borrowing the $1,000,000 and executing its note and mortgage to secure the loan. Prays that a re-

Weinberger & Grad, of Cincinnati, Ohio, for plaintiff.

Floyd C. Williams, of Cincinnati, Ohio, and Stephens L. Blakely, of Covington, Ky., for defendants.

ceiver be appointed for Railway and for all equitable and legal relief.

The complaint is duly verified by the affidavit of the plaintiff.

The defendants' motion to dismiss is urged on several grounds.

It is first contended that the complaint does not allege jurisdictional grounds as required by Rule 23 (b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This rule requires that in secondary actions by shareholders of an association, incorporated or unincorporated, because the association refuses to enforce its rights, the complaint must be verified and aver that the plaintiff was a shareholder at the time of the transaction or that his share in the association devolved upon him thereafter by operation of law. That the complaint shall set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees, and, if necessary, from the shareholders, such action as he desires and the reason for his failure to obtain such action.

■■ I think the complaint contains sufficient allegations to conform to these requirements.

The plaintiff states that he has been a shareholder during all of the negotiations set forth in his complaint. He alleges his written request upon the directors individually and collectively to institute suit in the name of Columbia against Railway. He does not state that he has made request upon the shareholders or others than the managing directors. Such an allegation is unnecessary. The shareholders are so numerous that it would be impractical to make such a request. The court will take cognizance of this fact and especially so when the directors have full control of such matters without the express authorization or permission of the shareholders. This is a matter which must of necessity address itself to the sound discretion of the court. Any other construction of this rule would be denying, in effect, the application of the rule by a shareholder. Delaware & H. Co. v. Albany & S. R. Co., 213 U.S. 435, 29 S.Ct. 540, 53 L.Ed. 862.

■ The leading authority for a proceeding such as this is Dodge v. Woolsey, 18 How. 331, 15 L.Ed. 401. This case, decided by the Supreme Court in 1855, laid down the rule, never seriously questioned and entirely sound in principle, that a stockholder in a corporation has a remedy in chancery to ask for such a remedy as the facts in the case might require to prevent the directors from making a misapplication of their capital or profits which might lessen the value of his shares if the acts intended to be done amounted to what is called in law a breach of trust or duty.

The now old but more recent case of Hawes v. Oakland, 104 U.S. 450, 460, 26 L.Ed. 827, enumerates the grounds on which such an equitable remedy may be sought. The pertinent part of the opinion from that case is quoted:

"We understand that doctrine to be that to enable a stockholder in a corporation to sustain in a court of equity in his own name, a suit founded on a right of action existing in the corporation itself, and in which the corporation itself is the appropriate plaintiff, there must exist as the foundation of the suit—

"Some action or threatened action of the managing board of directors or trustees of the corporation which is beyond the authority conferred on them by their charter or other source of organization;

"Or such a fraudulent transaction completed or contemplated by the acting managers, in connection with some other party, or among themselves, or with other shareholders as will result in serious injury to the corporation, or to the interests of the other shareholders."

In applying Rule 23 (b) to a situation of this character the United States District Court for the Southern District of New York in the case of Cohen v. Industrial Finance Corporation, 44 F.Supp. 491, 494 (decided January 15, 1942), pointed out that the rule was the modern successor to Equity Rule 27, 28 U.S.C.A. § 723 Appendix, and in that connection said: "This rule owes its origin to equitable considerations and should be construed accordingly. Each case should be considered upon its peculiar facts and any arbitrary construction of the rule, which would result in the emasculation of the equitable considerations that led to its enactment, should be avoided."

I think the bill contains allegations sufficient to conform to any reasonable judicial construction of Rule 23 (b).

■ It is next contended by the defendants that the bill does not state a cause of action because the plaintiff is but a simple contract creditor. In this defendants ignore the fact that the plaintiff proceeds,

846

not as a creditor but as a shareholder in Columbia and as such has a right to protect his assets where the managing directors refuse to do so. This right is either statutory under the statute law of Kentucky or may be asserted as a right to be granted by a Federal Court under its general equitable powers.

The state statutory authority is found in the following quotation, Civil Code of Kentucky, section 298: "On the motion of any party to an action who shows that he has, or probably has, a right to, a lien upon, or an interest in, any property or fund, the right to which is involved in the action, and that the property or fund is in danger of being lost, removed or materially injured, the court, or the judge thereof during vacation, may appoint a receiver to take charge of the property or fund during the pendency of the action, and may order and coerce the delivery of it to him."

Section 271.370 of the Kentucky Revised Statutes, 1942, reads in part as follows: "At the suit of a creditor or stockholder of any corporation authorized to do business in this state, the circuit court or circuit judge in vacation shall have jurisdiction to appoint a receiver to collect, protect, and preserve its assets and to continue the business of the corporation, where it is shown in the suit that the directors or officers are guilty of such fraud, mismanagement, or dissipation of the corporation's assets as to jeopardize the interest of the creditors or stockholders. Any officer or agent of the corporation may be made a party to such suit. But no creditor or stockholder shall be a receiver."

■ The cases from the Court of Appeals of Kentucky construing and applying these sections are numerous. A reading of them discloses that they add nothing to an understanding of the clear and unequivocal language of the statutes. Each case necessarily rests on its own peculiar facts and the application of the provisions is addressed to the sound judicial construction of the court sitting in chancery. It must be borne in mind that by the defendants' motion they admit the truth of the allegations contained in the bill. There is an allegation of fraud and collusion, of mismanagement and waste of the properties of Columbia. These coupled with the affirmation that Columbia is conspiring to permit a $1,000,000 secured indebtedness from Railway to a new creditor, when its present assets are little more than half that

amount, to the exclusion of the present valid indebtedness of more than three million dollars which it now owes Columbia, is surely sufficient to bring the case within the statutes quoted. To my mind it is just such a case as plaintiff has stated that prompted the legislation.

I have carefully examined all the cases cited by the defendants in support of their argument and all of these with others and without exception sustain the views I have stated. Greasy Creek Coal & Land Co. v. Greasy Creek Coal Co., 196 Ky. 67, 244 S. W. 85; Fleming, Trustee, v. Virginia Mining Co., 196 Ky. 38, 244 S.W. 295; McClure v. McGee, 128 Ky. 464, 108 S.W. 341; Bradley v. Bradley, 194 Ky. 60, 238 S.W. 170; Elkhorn Hazard Coal Co. v. Fairchild, 191 Ky. 276, 230 S.W. 61; Kentucky Racing & Breeding Ass'n v. Galbreaith, 117 Ky. 66, 77 S.W. 371; Oscar C. Wright Co. v. Steenman, 254 Ky. 381, 71 S.W.2d 991; Reid Drug Co. v. Salyer, 268 Ky. 522, 105 S.W.2d 625.

In the case of Metropolitan Fire Ins. Co. v. Middendorf, 171 Ky. 771, 188 S.W. 790, 794, the opinion quotes with approval the following language from Gluck & Becker's work on Receivers for Corporations, 2d Ed.: "Corporate property is essentially a trust fund to be used for the benefit of creditors and shareholders. The officers of a corporation, in the management of its property, stand in a fiduciary relation. It therefore follows that if trust funds or properties are being mismanaged and in imminent danger of being lost to the stockholders and creditors through the collusion and fraud of such officers, modern equity will not hesitate to assume charge and control of the property through a receiver."

A study of these cases will disclose that the complaint in the instant case states a cause of action well within the statutory authority as construed.

■ But, as I have stated, the plaintiff does not necessarily derive his right from the state statutes but his remedy is within the equitable powers of the Federal Courts entirely independent of statute.

In the case of Burnrite Coal Briquette Co. v. Riggs et al., 274 U.S. 208, 47 S.Ct. 578, 71 L.Ed. 1002, the Supreme Court expressly states that a Federal District Court may, under its general equity powers independently of state statute, entertain a bill of a stockholder for the appointment of at least a temporary receiver to prevent di-

version or loss of assets through gross fraud and mismanagement of its officers.

The more recent case of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166, reaffirms the rule that a shareholder of an insolvent corporation, rather than a judgment creditor, may properly bring such a suit, and whether under the state law the shareholder has a status of a creditor, are questions which go to the propriety of the action of the court as a court of equity and not to its jurisdiction.

The defendants cannot sustain their motion on this ground.

The contention of the defendants that there are no proper allegations of fraud is refuted by a mere reading of the complaint. Much that has already been said in this opinion covers this contention. The facts as stated are not mere conclusions but of themselves charge fraud and mismanagement.

It is further argued that the complaint should be dismissed because (a) the plaintiff cannot collaterally attack orders entered by the Securities and Exchange Commission and (b) this action brought by the plaintiff is premature as to matters pending before the Interstate Commerce Commission. It is brought to the attention of the court through oral arguments and briefs that a declaration and an application pursuant to the Public Utility Holding Company Act of 1935, 15 U.S.C.A. §§ 79 to 79z—6, had been filed with the Securities and Exchange Commission on March 22, 1941, wherein the proposed financial transactions involving Railway and all other pertinent matters as alleged in the complaint were declared. That the Commission entered an interim order on May 26, 1941 whereby it approved the cash contribution of $3,402,090 by Columbia to its subsidiary Railway for the purpose of refunding the outstanding $3,303,000 First and Refunding Mortgage Bonds.

This interim order expressly reserves all other questions and provided that it shall not be construed as passing upon or approving any transaction, including the borrowing of funds, other than the proposed cash contribution.

It is further disclosed that on April 11, 1944, a final order was entered by the Securities and Exchange Commission in which the dividend of $30.08 per share or $300,800 on the 10,000 shares was approved and the declaration of Columbia was permitted to become effective.

The plaintiff here insists that these hearings were improper because they did not conform to the statutory requirements with reference to time of notice of hearings. That consequently the orders as affecting him are void, and he is not bound by the ruling of the Commission. 44 U.S.C.A. § 308. I do not think this is a valid argument, to this court. It is provided by the act that where a shorter period is reasonable it shall not affect the notice. At any rate it is a question which more appropriately addresses itself to the Commission. In addition to these orders of the Securities and Exchange Commission the court's attention is called to the fact that the approval of all contracts and sale of the shares of stock of Railway as provided in the contract is now pending before the Interstate Commerce Commission and awaiting its decision upon the report of an examiner of date June 24, 1944, after a hearing in Cincinnati at which the plaintiff and his counsel of record in this case were present and in which they participated.

It is proper that the court on this motion should take cognizance of the orders of those administrative agencies. 44 U.S.C.A. § 307; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660; 20 Am.Jur., Page 67, Section 44.

In their insistence that the motion be sustained on this ground counsel for the defendants take the position they do not challenge the jurisdiction of the court nor its right to inquire into the charge of mismanagement but that in the exercise of that right the court is bound by the actions of the Administrative boards.

The question thus presented is interesting but not novel. This is not in reality a question of jurisdiction. It more properly belongs in the class of the law of evidence. That this court, sitting in chancery to determine from facts alleged, certain rights of the parties, which may call for an extraordinary remedy, finds that the matter has been considered or is being considered by an expert body, whose findings this court is charged with observing. There is no clash of jurisdiction, as there is not so much concurrent jurisdiction but rather coordinate jurisdiction. In the case of United States v. Morgan, 307 U.S. 183, 59 S.Ct. 795, 799, 83 L.Ed. 1211, the court used this very appropriate language: " * *

848

in construing a statute setting up an administrative agency and providing for judicial review of its action, court and agency are not to be regarded as wholly independent, and unrelated instrumentalities of justice, each acting in the performance of its prescribed statutory duty without regard to the appropriate function of the other in securing the plainly indicated objects of ·the statute. Court and agency are the means adopted to attain the prescribed end, and so far as their duties are defined by the words of the statute, those words should be construed so as to attain that end through co-ordinated action. Neither body should repeat in this day the mistake made by the courts of law when equity was struggling for recognition as an ameliorating system of justice; neither can rightly be regarded by the other as an alien intruder, to be tolerated if must be, but never to be encouraged or aided by the other in the attainment of the common aim."

The court lays down the rule to be followed in General American Tank Car Corp. v. El Dorado Terminal Co., 308 U.S. 422, 60 S.Ct. 325, 331, 84 L.Ed. 361. I quote from the opinion: "When it appeared in the course of the litigation that an administrative problem, committed to the Commission, was involved, the court should have stayed its hand pending the Commission's determination of the lawfulness and reasonableness of the practices under the terms of the Act. There should not be a dismissal, but, as in Mitchell Coal & Coke Co. v. Pennsylvania R. Co., supra [230 U.S. 247, 33 S.Ct. 916, 57 L.Ed. 1472], the cause should be held pending ·the conclusion of an appropriate administrative proceeding. Thus any defenses the petitioner may have will be saved to it."

Both of these cases are referred to and approved in the recent case of Addison et al. v. Holly Hill Fruit Products, Inc., 64 S.Ct. 1215, 1223. The opinion says: "If it be said that in the Morgan case the Court was dealing with a fund in court—irrelevant though that be to the governing principles of that decision—no such constriction can be made of the import of our decision in General American Tank Car Corp. v. Terminal Co., 308 U.S. 422, 60 S. Ct. 325, 331, 84 L.Ed. 361. That like this was an action at law and not a suit in equity involving a res. The respondent was seeking to recover a sum admittedly due under a car-leasing agreement with petitioner. The Interstate Commerce Com-

mission urged that since the Commission had not, as the law required, passed upon the validity of the practice involved in the agreement, the district court was without jurisdiction. And so, technically speaking, the district court was. But this Court remanded the case to the district court with instructions to hold the cause 'pending the conclusion of an appropriate administrative proceeding.'

In the cases of Dederick v. North American Co. et al., D.C., 48 F.Supp. 410, and Illinois Iowa Power Co. v. North American Light & Power Co., D.C., 49 F.Supp. 277, the courts took the position that matters pending before the administrative bodies should be determined before the court made its ruling and that those orders must be given due effect.

■ The Securities and Exchange Commission and the Interstate Commerce Commission are agencies of the Government set up primarily to protect the public rather than to determine issues between stockholders or a stockholder and his company. Nevertheless in determining rights of parties and public in a declaration before them, if these commissions must incidentally but necessarily pass upon stockholders' rights involved in contracts such as are in this case, the stockholder is bound by the order of the commission and the district court is without authority to entertain a suit on the same matter. This is, of course, subject to the right to appeal to the district court from an order of the commission.

The proceeding here seeks, however, a money judgment. It is a plenary derivative suit. The right to recovery is not entirely dependent on the actions of either of the Commissions. They are without jurisdiction to give a judgment for the amount which the plaintiff claims is due.

The claim for the appointment of a receiver and an injunction are based upon the allegation of mismanagement and fraud in contributing the $3,325,000 to Railway, the declaration of a dividend of $30.08 per share, the proposed borrowing of the $1,-000,000 for which a first mortgage is to be given, and the contract for the proposed sale.

■ Since the first two of these claims have been passed upon by the Securities and Exchange Commission I must hold as a matter of law that this court cannot consider them further.

The question of the $1,000,000 and the sale of the properties as covered in the contracts should be deferred until the Interstate Commerce Commission has made its ruling. This court is now without jurisdiction to rule on that question.

The last contention made by the defendants in support of their motion is that the proceeding should have been against the United States since it involved orders of the Commissions. The defendants are not in a position to question that where the suit is in the nature of a plenary action to recover a money judgment. Even though the United States should be a party that is no reason to dismiss the complaint against the present defendants.

The argument of the defendants is not entirely clear on this point but if they are relying on 28 U.S.C.A. § 46 et seq., they are clearly wrong. Those sections deal with orders of the Interstate Commerce Commission only. There are no such orders at this time.

I am of the opinion that the plaintiff should be denied the appointment of a receiver and should be denied the injunctive relief prayed. This denial is as a matter of law appearing on the face of the complaint.

Since he seeks a money judgment and his rights with reference to the contracts cannot be determined until the final orders of the Interstate Commerce Commission on matters now pending before, are decided, the motion to dismiss is overruled.