**Rita GOTTESMAN, Maria Mattiello, Arlyne Zucker and Paul J. Peyser, Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION and E. I. du Pont de Nemours & Company, Defendants.**

United States District Court
S. D. New York.
March 23, 1959.

662

See also 158 F.Supp. 526.

Netter & Netter, New York City, Gen. Counsel for plaintiffs, Henry L. Bayles, Edward A. Rothenberg, New York City, of counsel.

Henry M. Hogan, George A. Brooks, New York City, for defendant General Motors Corp., Edward B. Wallace, New York City, of counsel.

Charles A. Horsky, Washington, D. C., Frank H. Gordon, New York City, for defendant, E. I. du Pont de Nemours & Co., Covington & Burling, Washington, D. C., of counsel.

SUGARMAN, District Judge.

Shortly after the Supreme Court decided United States v. E. I. du Pont de Nemours & Co., 1957, 353 U.S. 586, 77 S.Ct. 872, 1 L.Ed.2d 1057, three actions by stockholders of General Motors were commenced in this court against General Motors and du Pont. They were consolidated and an amended consolidated complaint was filed.

It states eleven claims. The first six seek triple damages against du Pont in

behalf of General Motors under the anti-trust laws. The next four seek simple damages against du Pont in behalf of General Motors. The eleventh seeks injunctive relief. The complaint relies heavily upon the aforesaid decision of the Supreme Court.

Defendants move "(1) for an order dismissing the consolidated amended complaint and action herein upon the ground that said complaint fails to state a claim upon which relief can be granted, in that the allegations of the complaint are insufficient to excuse the failure of the plaintiffs to make demand on the stockholders of General Motors Corporation to bring this action, as is required by Federal Rule of Civil Procedure 23(b); * * * *"

■ On a motion of this nature the defendants admit the existence and validity of the claim asserted but challenge the plaintiffs' right to relief. The allegations of the complaint must be viewed in a light most favorable to the plaintiffs, admitting and accepting as true, all facts well pleaded.[1]

Defendants' attack is confined solely to the alleged failure of plaintiffs to comply with that part of F.R.Civ.P. 23(b), 28 U.S.C. which requires a showing in a stockholders' secondary action complaint of what efforts the plaintiffs made to secure from the shareholders the corporate action sought by the plaintiffs and their reasons for failing to obtain it or for not making the effort.

The first rule from which F.R.Civ.P. 23(b) evolved was Equity Rule 94 adopted in 1882, 104 U.S. IX. It came into being during the term at which Hawes v. City of Oakland, 104 U.S. 450, 26 L.Ed. 827, was decided. It did not contain the requirement that a stockholder's bill state the reasons for not making an effort to secure the action sought from the stockholders. That addition was made to the rule when it became Equity Rule 27 at the 1912 term of the Court, 226 U.S. 656. The change was made three years after the Delaware decision, infra. The

added language was continued into F.R. Civ.P. 23(b).

■ This being a motion under F.R. Civ.P. 12(b) (6) its determination is confined solely to the notice of motion and the complaint. Defendants do not challenge the 20th paragraph of the complaint which alleges the reasons for the futility of a demand upon the directors of General Motors. The only point raised is the sufficiency of the allegations explaining the failure of the plaintiffs to make an effort to secure from the stockholders the action sought.

The pertinent paragraphs of the complaint read:

"7. At all times since June 30, 1949, and for some time prior thereto, defendant du Pont owned at least approximately 23% of the total outstanding common stock of General Motors. In addition, the officers and directors of du Pont, their relatives and associates, directly and indirectly owned or controlled shares of the common stock of said corporation in amounts which are presently unknown to the plaintiffs herein. The balance of said corporation's outstanding common stock was divided between several hundreds of thousands of other stockholders who resided in widespread parts of the world, none of whom individually owned as much as 10% of the corporation's outstanding stock and nearly all of whom owned relatively small amounts of shares of said stock. For example, in 1957, out of approximately 667,000 stockholders other than du Pont, approximately 500,000 owned no more than 200 shares each and approximately 159,-000 owned no more than 25 shares each. By reason of the foregoing du Pont's stock interest in General Motors exerted a potent influence on the affairs of General Motors, promoted the acts and transactions herein alleged, and induced General Motors to participate therein. Fur-

---

1. 1 Barron & Holtzoff 618; 2 Moore's Fed.Prac. (2d ed.) 2244.

thermore, by reason of the facts herein alleged, defendant du Pont had working control (sometimes hereinafter referred to as 'control') over General Motors, which permitted it to nominate and elect and/or dominate and control the majority of the Board of Directors and/or officers of said corporation, and to select and/or dominate and control a large part of the personnel of said corporation concerned with the acts and transactions herein alleged, to determine a large part of said corporation's policies including those relating to said acts and transactions, and to cause General Motors to participate in said acts and transactions."

"21. No demand has been made by plaintiffs on the body of stockholders of General Motors to obtain such action as they desire, because:

\* \* \* \* \* \*

"B. Such demand would have been futile for any or all of the following reasons:

"(1) If the majority of stockholders had demanded that suit be brought, such demand would not have been honored by General Motors' Board of Directors and/or officers by reason of the facts hereinbefore alleged.

"(2) The practical effect of any such demand would have been to involve the plaintiffs in a proxy contest to prevent ratification (if the body of stockholders of General Motors had the power to ratify the wrongful acts of the defendant du Pont) and/or to oust the existing Board of Directors of General Motors and to supplant it with a new Board which would have exercised independent and unbiased judgment in determining whether suit should have been instituted by said corporation against du Pont; and such a proxy contest would have required clear-

ance of proxy material by the Securities and Exchange Commission and the circulation of said material to all stockholders of General Motors, all at considerable and prohibitive personal expense to plaintiffs. Such proxy contest would have been waged with du Pont and/or the management of General Motors, who also owned substantial blocks of the common stock of General Motors and had control over said corporation's proxy solicitation machinery. The latter's proxy solicitation would have been undertaken at the corporation's expense. By reason of the facts hereinbefore alleged, and the inertia and indifference of most of the widespread and relatively small stockholders, and their reluctance to oust management during a period of prosperity, for all practical purposes it would have been impossible for plaintiffs to have emerged the victor in such a proxy contest."

■ Accepting the allegations of paragraphs 7 and 21B of the complaint as true, the complaint, contrary to defendants' assertion, states a claim upon which relief can be granted because those allegations adequately set forth reasons for not making the effort to obtain from the shareholders the action by General Motors now sought against du Pont.

In small corporations, the holding of less than a majority of the stock would not amount to control; in large corporations, with stock widely distributed among many shareholders, a compact united ownership of a substantial block of stock, although less than a majority, could be ample to control the operations of the corporation.[2]

When the Court, in 1912, by the addition in Equity Rule 27, accorded to plaintiffs in derivative stockholders' suits the privilege of setting forth in their complaints the reasons for not seeking redress from the shareholders of the cor-

2. United States v. Union Pacific Railroad Company, 1912, 226 U.S. 61, 95, 33 S.Ct. 53, 57 L.Ed. 124.

porate beneficiary of the suit, it is obvious that it intended to cover a situation ruled upon by it but three years earlier.[3]

There is a marked similarity between the certified facts in the Delaware case (which, as above noted, was decided after the promulgation of Equity Rule 94 in 1882 and before the promulgation of Equity Rule 27 in 1912 which added the requirement now being discussed) and the case at bar. If anything, the defendants' position in the Delaware case was more formidable than is the position of the defendants here. In the Delaware case the complainants and the allied protective committee controlled a percentage of issued stock of Susquehanna almost equal to the 25 per cent controlled by the Delaware Company and the directors. Further, the amount of stock involved and the diversification of its ownership was far less than is here presented.

The facts here presented are governed by the ruling in the Delaware case and hence the first branch of defendants' motion is denied.[4]

The notice of motion asks "(2) in the alternative, for an order staying this action and directing that the plaintiffs seek approval for bringing this suit from the stockholders of General Motors Corporation at their next annual meeting to be held on May 22, 1959, and dismissing this action in the event they do not secure such approval * * *"[5] Granting of the alternative relief sought, that plaintiffs be stayed until they poll the stockholders of defendant General Motors, would negative the holding on the first branch of the motion that the complaint states a claim upon which relief can be granted in so far as it states reasons for not consulting the shareholders. Hence,

the second branch of defendants' motion is denied.

 Recognizing that this decision enables a relatively small stockholder interest to plunge two large corporations into inevitably long and expensive litigation which, should this determination be erroneous, would result in a futile waste of time and money by both the plaintiffs and the defendants, this court will, if it is timely made, grant a certificate pursuant to 28 U.S.C. § 1292(b).

The defendants' motion is in all respects denied.

This is the court's order[6] and no further order is necessary.

---

**3.** Delaware & Hudson Co. v. Albany & Susquehanna R. Co., 1909, 213 U.S. 435, 29 S.Ct. 540, 53 L.Ed. 862.

**4.** Cf. Berg v. Cincinnati, Newport & Covington Ry. Co., D.C.E.D.Ky.1944, 56 F. Supp. 842, 845; Pergament v. Frazer, D.C.E.D.Mich.1949, 93 F.Supp. 9, 13.

**5.** Defendant du Pont has offered not to vote its stock on the question at the

meeting and defendant General Motors has agreed to abide by the court's directive as to procedures to be used in connection with its proxy machinery to insure a fair presentation of plaintiffs' position to the stockholders.

**6.** General Rule 10(a) for the Southern and Eastern Districts of New York.