RENDERED: MARCH 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0284-MR

GREGORY BOYD AND
SARINA WASHINGTON                                                   APPELLANTS


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE BRIAN C. EDWARDS, JUDGE
                    ACTION NO. 20-CI-400748


ROBERT BRUCE OWENS                                                    APPELLEE


                                  OPINION
                                 AFFIRMING

                              ** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CETRULO AND GOODWINE,
JUDGES.

CLAYTON, CHIEF JUDGE:  Gregory Boyd and Sarina Washington appeal *pro se*

from a Jefferson Circuit Court order appointing a receiver.  Having reviewed the

record, the appellants' arguments, and the applicable law, we affirm.

        In July 2017, Boyd and Washington entered into a basic rental

agreement or residential lease with Ken Grostic, an agent for Robert Bruce Owens,

in which they agreed to pay monthly rent of $650 for real property located on South 5th Street in Louisville, Kentucky. On October 7, 2020, they filed a complaint against Owens alleging breach of contract and seeking foreclosure on a mechanic's lien for the cost of plumbing repairs and mold remediation performed on the property. Owens filed an answer and counterclaim, alleging that he authorized Boyd to make the repairs to the property in exchange for forgiveness of three months' rent. He claimed that no rent had been collected from Boyd and Simpson since October 2019.

On January 4, 2021, Boyd filed motions to refer the matter to the Jefferson Circuit Court Master Commissioner for a hearing on the validity and enforceability of the mechanic's lien and for the appointment of a receiver to collect the unpaid rent. Following a hearing on February 12, 2021, the trial court entered an order referring the matter of the mechanic's lien to the Master Commissioner and an order appointing a receiver. This appeal from the latter order followed. The appellees have not filed a brief.

Boyd and Simpson raise only one allegation of error: that the trial court's order of appointment is a nullity because it fails to name a specified individual as the receiver. They claim that during the course of the February 12, 2021, hearing, their attorney raised the following objection to the appointment of a receiver: "Plaintiff-Appellants must know the identity of the person appointed

prior to any hearing so that objections, security and bond issues could be investigated in time to object." Appellants' brief, p. 7. We have carefully reviewed the recording of the hearing and this objection was never raised. Consequently, the trial court was never given the opportunity to address the appellants' concerns about the identity of the receiver. "[A]n appellant preserves for appellate review only those issues fairly brought to the attention of the trial court. . . . A new theory of error cannot be raised for the first time on appeal." *Elery v. Commonwealth*, 368 S.W.3d 78, 97-98 (Ky. 2012) (internal quotation marks and citations omitted). "The Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989).

In any event, the argument raised by the appellants is without merit. It relies primarily on an opinion of the Attorney General of Kentucky, issued after the entry of the ruling in this case, which the appellants claim stands for the proposition that an order appointing a receiver must name a specific, identifiable person.

It should be noted that the opinions of the Attorney General, while persuasive, are not binding judicial precedent. *Department of Kentucky State Police v. Trageser*, 600 S.W.3d 749, 753 (Ky. App. 2020). The opinion at issue, *In re: Larry Richards/Fish and Wildlife Commission*, No. 21-OMD-091 (May 17,

2021), addresses whether the Fish and Wildlife Commission violated the Open Meetings Act when it entered closed session to discuss the appointment of an individual, Richard Storm, as Commissioner of the Department of Fish and Wildlife Resources. At issue was whether the Commission's discussions fell within the Open Meetings exception which provides that a public agency may enter closed session to hold discussions "which might lead to the appointment, discipline, or dismissal of an individual employee, member, or student." Kentucky Revised Statutes (KRS) 61.810(1)(f). The opinion holds that the plain language of the statute applies to the appointment or reappointment of an employee, regardless of whether that employee had been previously appointed. It relies on the following definition of "appoint" taken from Black's Law Dictionary: "[t]o choose or designate (someone) for a position or job, esp. in government." *Appoint*, BLACK'S LAW DICTIONARY (11th ed. 2019). This definition is provided in the opinion solely for the purpose of holding that appointment and reappointment are the same for purposes of the statutory exception. The opinion cautions that a public agency is not permitted to rely on this exception to discuss "general personnel matters in secret." 21-OMD-091 at *2. The analysis and the definition apply only to the Open Meetings issue and are not pertinent to the appellants' argument in this case.

The appointment of a receiver is a matter within the discretion of the trial court. *Woods v. Consolidated Newspapers*, 275 Ky. 479, 122 S.W.2d 112,

113 (1938). An appellate court will not disturb a trial court's decision absent a showing that it "was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citation omitted). The appellants have not shown any abuse of discretion on the part of the trial court in this case and consequently its order appointing a receiver is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANTS:                    NO BRIEF FILED FOR APPELLEE.

Gregory Boyd, *pro se*
Sarina Washington, *pro se*
Louisville, Kentucky